IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SIVA PATHMANATHAN, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JACKSON NATIONAL LIFE )<br>INSURANCE COMPANY, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO. 3:15-cv-347-WHA<br><br>(WO) |

## **MEMORANDUM OPINION AND ORDER**

### **I. Introduction**

This cause is before the court on Plaintiff Siva Pathmanathan, M.D.'s ("Plaintiff") Motion to Remand (Doc. # 7). Also before the court are Defendant Jackson National Life Insurance Company's ("Jackson National") Response to the Motion (Doc. # 9) and the Plaintiff's Reply thereto (Doc. # 11). On July 14, 2015, Defendant Lonnie Correll d/b/a Lonnie Correll Insurance Agency ("Lonnie Correll") joined in the Plaintiff's motion by filing its own Motion to Remand (Doc. # 10).

The Plaintiff contends that remand is proper because some of the later-served Defendants in this case are citizens of Alabama, and their residency in this forum requires remand pursuant to 28 U.S.C. § 1441(b). Jackson National responds that because the resident Defendants were served after removal, § 1441(b), by its plain language, does not require remand and removal remains proper. For the reasons to be discussed below, the Motions to Remand are due to be DENIED.

## II. Motion to Remand Standard

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

Because this case was originally filed in state court and removed to federal court, Jackson National bears the burden of proving that federal jurisdiction exists. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

## III. Facts and Procedural Background

This action was first filed in the Circuit Court of Tallapoosa County, Alabama on January 17, 2015. The original Complaint alleged breach of contract on an insurance policy. The Plaintiff has amended the state court complaint a total of five times. Jackson National has alleged that it filed its Notice of Removal within thirty days of the Third Amended Complaint, which claimed damages for mental and emotional distress and for punitive damages for the first time. Jackson National contends that it was the request for these damages that put it on notice that the amount in controversy in the case exceeds $75,000. The Plaintiff has not challenged the timeliness of removal.

Plaintiff's Motion to Remand is based upon the presence of forum Defendants in this case. Plaintiff's Fourth and Fifth Amended Complaints allege that Defendants Dark Insurance Agency, Inc. ("Dark Insurance Agency") and Lonnie Correll are both domestic corporations in

Alabama. The Plaintiff concedes in the Motion to Remand that Lonnie Correll was served after removal. (*See* Doc. # 7 at 1 ("[R]emoval was done before service could be perfected on . . . Lonnie Correll Insurance Agency.")). The Plaintiff has not stated whether Dark Insurance Agency has been properly served, but Jackson National alleges that Dark Insurance Agency had also not been served when it filed its Notice of Removal.

### IV. Discussion

#### A. The "Forum Defendant Rule"

Federal diversity jurisdiction exists when the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In addition, under § 1441(b) a federal court may not exercise diversity jurisdiction if one or more defendants are citizens of the state where the action is brought. Specifically, the statute states that an action may not be removed on the basis of diversity jurisdiction "if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). The Eleventh Circuit has noted that this "forum defendant rule" is a procedural requirement that can be waived. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998).

The issue in this case is whether the failure of the Plaintiff to serve either of the Alabama citizen Defendants[1] before the case was removed precludes remand in this instance.

#### B. Analysis

As a threshold matter, the court notes that the parties do not dispute whether the amount in controversy requirement has been met. The Plaintiff has implicitly conceded that the amount in controversy exceeds $75,000. (Doc. # 11 at 2.)

---

[1] Jackson National has also alleged that these Defendants were fraudulently joined. Because the court concludes that the Motion to Remand should be denied on the basis of post-removal service, it does not reach the issue of fraudulent joinder.

The Plaintiff and Lonnie Correll do not dispute that complete diversity of citizenship exists in this case. The Plaintiff is a citizen of Texas and Jackson National is a citizen of Michigan. According to Jackson National, no other Defendant had been served at the time of removal. The court assumes from the Fourth and Fifth Amended Complaints that both Dark Insurance Agency and Lonnie Correll are citizens of Alabama. The citizenship of Defendant Swiss Reinsurance America Corporation is unclear from the record.[2] At any rate, neither the Plaintiff nor Lonnie Correll has alleged that any Defendant is a citizen of Texas. Therefore, complete diversity of citizenship is not in dispute. Since complete diversity and amount in controversy are conceded, federal court jurisdiction exists unless, as contended by the Plaintiff, the Forum Defendant Rule applies under the facts of this case.

Jackson National argues that removal is proper in this case because the plain language of § 1441(b) precludes jurisdiction only when "parties in interest joined and served as defendants" are forum defendants. Jackson National argues that because the case was removed before either Lonnie Correll or Dark Insurance Agency was served, removal was proper at the time it was effectuated and diversity jurisdiction exists in this case.

The Plaintiff argues that Jackson National removed this case "for forum shopping purposes" and did so "before Plaintiff was even allowed a chance to serve the two named Alabama forum Defendants." (Doc. # 11 at 4–5.) The Plaintiff argues that despite the language of the statute, remand is proper under these facts. For support, the Plaintiff cites a decision by the District Court for the District of New Mexico that found remand to be the correct result under similar circumstances. *See generally Lone Mountain Ranch, LLC v. Santa Fe Gold Corp.*, 988 F.

---

[2] The court notes that the headquarters for Swiss Reinsurance America Corporation is listed as being located in Armonk, New York on the Bloomberg Business website. *Company Overview of Swiss Reinsurance America Corporation*, http://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=4163117. While this indication is not as strong as hypothetical evidence submitted by the parties, at this time it does not appear to the court that Swiss Reinsurance America is a citizen of Texas, leaving complete diversity of citizenship intact in this case.

Supp. 2d 1263 (D.N.M. 2013). In particular, the Plaintiff cites that court's decision in *Lone Mountain Ranch* for its discussion of the purposes of the forum defendant rule and why allowing removal in these circumstances contravenes those purposes. The court reasoned in relevant part as follows:

> "The purpose of diversity jurisdiction is to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts." S.Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S. Code Cong. & Admin. News 3099, 3102. "The forum defendant rule, 28 U.S.C. § 1441(b)(2), recognizes that the rationale for diversity jurisdiction no longer exists when one of the defendants is a citizen of the forum state since the likelihood of local bias is reduced, if not eliminated." *Swindell–Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 518 (E.D. Pa. 2013) (citation omitted). The Court finds that the reduction of bias generated by a forum defendant's participation in a case is present whether the forum defendant is served before or shortly after the matter is removed. The Court also notes that the purpose of the "properly joined and served" language in the rule was to prevent plaintiffs from adding a forum defendant solely to prevent removal, i.e. fraudulent joinder. Therefore, *it would make no sense for Congress to enact the "properly joined and served" language in order to prevent gamesmanship on the part of a plaintiff only to have that language allow for a different type of gamesmanship by a defendant.*

*Id.* at 1266 (emphasis added). Lonnie Correll also cited this language in support of its own Motion to Remand.

While the court in *Lone Mountain Ranch* reached the result that the Plaintiff and Defendant Lonnie Correll seek here for the reasons it described, it also recognized that there is a split of authority on the proper role of the forum defendant rule in these types of cases. *Id.* ("The Court acknowledges that there is a split of authority on whether the forum defendant rule prohibits a non-forum defendant from removing a case where there are unserved forum defendants."). Not surprisingly, Jackson National has cited to cases reaching the opposite conclusion from *Lone Mountain Ranch* in arguing that removal was proper in this case. In one such decision, the District Court for the Middle District of Florida surveyed case law on the issue and concluded that the "unambiguous text" of the statute gives non-forum defendants the ability

5

to remove a case when a plaintiff has "joined, but not yet served, a forum defendant." *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1268 (M.D. Fla. 2009). The court also found that "the majority of courts" had concluded likewise as of 2009. *See id.* (collecting cases). The *North* decision also acknowledged the courts on the other side of the debate, stating that they had relied "putatively on legislative intent." *Id.* It further highlighted the fact that many of those decisions "involved unserved forum defendants that had effected removal—not non-forum defendants," and that some of them distinguished between the two different scenarios and concluded that removal was appropriate in situations where a non-forum defendant removed a case involving multiple defendants. *Id.* at 1268–69.

At the core of the *North* decision's holding was its reliance on clear statutory text rather than on inferred legislative intent:

> Although Congress may not have anticipated the possibility that defendants could actively monitor state court dockets to quickly remove a case prior to being served, on the facts of this case, such a result is not so absurd as to warrant reliance on "murky" or non-existent legislative history in the face of an otherwise perfectly clear and unambiguous statute. Nonetheless, if Congress intends a different result, "it is up to Congress rather than the courts to fix it." [*Exxon Mobil Corp. v.*] *Allapattah Servs., Inc.*, 545 U.S. [546, 565 (2005)].

*Id.* at 1269–70 (footnote omitted). In 2012, the District Court for the Northern District of Alabama reached the same result on similar reasoning, and noted that interpreting the statute to permit removal in this scenario was the consensus result among district courts within the Eleventh Circuit. *See Goodwin v. Reynolds*, No. 2:12-cv-0033-SLB, 2012 WL 4732215, at *4 (N.D. Ala. Sept. 28, 2012) ("Turning to the statute itself, the court finds its language clear, and thus, like other district courts within the Eleventh Circuit, will not stray from its plain and unambiguous words."). The *Goodwin* decision also emphasized that the Eleventh Circuit's precedent requires courts to interpret statutes based on their language alone, when it is

unambiguous, and to turn to legislative history only to avoid an "unjust or absurd conclusion." *Id.* (internal quotations and citations omitted).

The court is persuaded by the reasoning in *North* and *Goodwin*, and does not see a reason to deviate from the consensus of district courts in the Eleventh Circuit. The briefing by the Plaintiff and Lonnie Correll does not engage extensively with this case law. The only acknowledgement of this line of cases is Lonnie Correll's argument that "[t]he opinion relied upon by Jackson National in its Response was issued in the Northern District of Alabama back in 2013, and since then, other federal courts have had the opportunity to analyze it and have determined the Forum Defendant Rule bars removal where the forum defendant has not yet been served."[3] (Doc. # 10 at 3.) While it is true that *Lone Mountain Ranch* was decided after *Goodwin*, the courts that issued those opinions do not bind each other, nor does either court bind this court. Even accepting the dubious premise that *Lone Mountain Ranch* should be followed because it came after *Goodwin*, other courts have considered the issue since *Goodwin* and agreed with it. For example, one court in the Eastern District of Missouri noted that "[t]he federal district courts are profoundly split" on this issue and concluded that removal was permissible "if at least one defendant—and no forum defendant—has been served," relying on the "plain, unambiguous language" of the statute. *Rogers v. Boeing Aerospace Operations, Inc.*, 13 F. Supp. 3d 972, 975, 978 (E.D. Mo. 2014). The Plaintiff and Lonnie Correll have not provided the court with any compelling reason to follow *Lone Mountain Ranch* as opposed to the many other courts that have reached the opposite conclusion, including many in this Circuit.

---

[3] While the quoted languages states the opinion cited by Jackson National was issued "back in 2013," the court infers this was a typo and the year mentioned should have been 2012, the year that *Goodwin v. Reynolds* was decided. Regardless of which year was intended, the court does not consider the difference meaningful in its analysis.

The court is further persuaded by the fact that in one of the only decisions by any of the circuits addressing this issue, the Sixth Circuit held, albeit with limited analysis, that removal is permissible on these facts.  *See McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." (emphasis in original)).

The Plaintiff does not dispute that neither of the forum defendants in this case had been served at the time of removal.  Because the text of the statute is clear, and the court must give effect to that text, the court has diversity jurisdiction over this case.  The Motions to Remand will be denied.

## V. Conclusion

In adopting 28 U.S.C. § 1441(b)(2) Congress chose to except the right of a defendant to remove a case where complete diversity of citizenship and the requisite jurisdictional amount exist only in cases where citizens of a forum state are both "joined *and served*."  These words are clear and unambiguous.  The court joins the numerous others which have held that it is the prerogative of Congress, if it should so choose, to delete this requirement of service, not the courts.  To hold otherwise would presume either that Congress included the words "and served" for no reason whatsoever or that it did not know what it was doing.

ORDERED that the Motions to Remand filed by the Plaintiff (Doc. # 7) and Defendant Lonnie Correll Insurance Agency, Inc. (Doc. # 10) are DENIED.

DONE this 30th day of July, 2015.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE